IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN DAVID GARCIA,

    Plaintiff,

vs.                                      No. CIV 08-0295 JB/WDS

THE UNITED STATES OF AMERICA and
BEN GARCIA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Motion for Default Judgment Against Defendant Ben Garcia in His Individual Capacity, and Memorandum in Support, filed May 16, 2008 (Doc. 2)("Motion for Default"); and (ii) Ben Garcia's Motion for Continuance, filed May 20, 2008 (Doc. 6). The Court held a hearing on November 24, 2008. The primary issue is whether the Court should enter default judgment against Defendant Ben Garcia, who failed to timely file an Answer in this case. Because the Court concludes that it does not have jurisdiction over the claims currently raised against Ben Garcia, the Court will deny the Motion for Default and will deny as moot the Motion for Continuance.

## FACTUAL BACKGROUND

The Court has already discussed the facts underlying this case in detail. See Memorandum Opinion and Order at 2-5, entered March 30, 2009 (Doc. 23)("MOO"). This case arises out of an incident at the St. Augustine Church on the Pueblo of Isleta. Plaintiff John David Garcia allegedly suffered severe injuries in an altercation involving Ben Garcia, then an Isleta policeman, that took place during a wedding party at the church.

**PROCEDURAL BACKGROUND**

John David Garcia filed his Complaint on March 20, 2008. See Complaint for Damages (Doc. 1)("Complaint"). The Complaint's introduction styles this action as a "Federal Tort Claim lawsuit against the United States," and notes that Ben Garcia "is also a defendant in his individual capacity." Complaint at 1. For the claims against Ben Garcia, John David Garcia invokes supplemental and diversity jurisdiction under 28 U.S.C. §§ 1332 and 1367. See Complaint ¶ 4, at 2. Substantively, the Complaint lays out four claims for relief: (i) negligence and recklessness, see id. ¶¶ 23-24, at 6; (ii) intentional infliction of emotional distress, see id. ¶ 30, at 7; (iii) negligent supervision, certification, or training, which does not assert a claim against Ben Garcia, see id. ¶¶ 34-37, at 8; and (iv) "wrongfully and unjustifiably" injuring John David Garcia, id. ¶ 41, at 9. Although raising claims against Ben Garcia in his individual capacity, the Complaint does not specify whether they are premised on 42 U.S.C. § 1983, the Indian Civil Rights Act, state law, or some other theory.

The summons and Complaint were personally served on Ben Garcia on April 7, 2008. See Motion for Default ¶ 3, at 2; Exhibit 3 to Motion for Default, Return of Service (executed April 7, 2008)(Doc. 2-4). He had twenty days to respond to the summons. See Exhibit 1 to Motion for Default, Summons in a Civil Case (dated March 25, 2008)(Doc. 2-2); Fed. R. Civ. P. 12(a)(1)(A)(i). By May 16, 2008, when the Motion for Default was filed, Ben Garcia had not filed anything with the Court and the twenty-day period had ended. Three days later, John David Garcia requested that the Clerk of Court enter default judgment, except as to the amount. See Praecipe Requesting Clerk's Entry of Default Judgment at 1, filed May 19, 2008 (Doc. 3). The Clerk entered a default judgment the following day. See Clerk's Entry of Default, filed May 20, 2008 (Doc. 5).

Four days after the Motion for Default, and later in the same day on which the Clerk entered

default, Ben Garcia filed his Motion for Continuance. He "acknowledge[s]" the action against him and requests additional time because he cannot not find legal representation. Motion for Continuance. In opposition to the motion, John David Garcia argues that Ben Garcia failed to seek concurrence of counsel as required under the local rules and contends that, because the Clerk had already entered default, a motion to continue is an improper means of attacking the default judgment. See Plaintiff's Response to Defendant Ben Garcia's Motion for Continuance (#6) ¶¶ 1-2, at 1, filed June 2, 2008 (Doc. 9). John David Garcia also maintains that Ben Garcia was a Pueblo of Isleta employee, that lawyers have frequently defended individual employees such as Ben Garcia, and that, given the "sophistication of the policing and governing capabilities at Isleta Pueblo, counsel assumes (on the above information and mere belief), that the instant 'Motion for Continuance' was filed *pro se* by choice." Id. ¶¶ 3-4, at 2-3.

On November 24, 2009 the Court held a hearing on both motions. Ben Garcia did not formally attend the hearing, but near the end of the hearing, the Court discovered that Ben Garcia was sitting in the gallery. See Transcript of Hearing at 10:23-11:2 (taken November 24, 2009)(Mitchell, Court & Garcia)("Tr.").[1] He indicated that he could not afford an attorney to help him and that his only plan for a defense was to "just tell what happened on that day." Id. at 11:6 (Garcia).

At the hearing, the Court discussed with the parties whether the Court had jurisdiction to enter a default judgment and whether, if the Court lacked jurisdiction over the United States, the Court would have jurisdiction over the case against Ben Garcia. Jan Elizabeth Mitchell, Assistant United States Attorney, stated that she believed that the Court lacked jurisdiction over the United

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited versions. Any final transcript may contain different page and/or line numbers.

States and that the case against Ben Garcia likely had to go to tribal court. See id. at 4:1-12 (taken November 24, 2008)(Mitchell). Dori Ellen Richards, Special Assistant United States Attorney, maintained that a suit against Ben Garcia could not proceed under 42 U.S.C. § 1983, but would have to be under the Indian Civil Rights Act, 25 U.S.C. §§ 1301 to 1341, and would require an exhaustion of tribal remedies. See Tr. at 6:23-7:16 (Richards & Court). Brad Hall, John David Garcia's attorney, stated that he did not have a position whether the Court should decide the motion for default or wait until the United States filed its anticipated motion to dismiss the claims against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 to 2680 ("FTCA"), which might clarify the jurisdictional issues. See Tr. at 8:14-20 (Court & Hall). Ms. Mitchell stated that she was concerned whether the Court could enter a default without jurisdiction and agreed to mention some thoughts on it in the United States' motion to dismiss. See id. at 9:8-20 (Mitchell & Court). The Court decided that it would refrain from deciding the motion for default until the United States had filed its motion to dismiss on jurisdictional grounds, so that the Court would have a better sense whether it had jurisdiction over claims against Ben Garcia. See id. at 10:7-19 (Court).

In its motion to dismiss the claims against it, the United States discusses exhaustion of tribal court remedies. According to the United States, tribal courts have repeatedly been recognized as the proper and exclusive forum for adjudicating disputes occurring on a reservation. See Defendant United States of America's Memorandum of Law in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6) at 13, filed January 9, 2009 (Doc. 16). Aside from addressing the issue of tribal jurisdiction over FTCA claims, John David Garcia argues that there is a presumption against tribal courts' having civil jurisdiction over non-members of the tribe. See Response in Opposition to United States' Motion to Dismiss at 19, filed January 30, 2009 (Doc. 18)(citing Atkinson Trading Co. v. Shirley, 532 U.S. 6445 (2001), and Montana v. United States, 450 U.S. 544

(1981)). The United States counters that the cases John David Garcia cites concerned a tribe's authority to tax and regulate non-members. See Defendant United States of America's Reply to Plaintiff's Response in Opposition to United States' Motion to Dismiss (Doc. No. 18) at 11, filed February 23, 2009 (Doc. 20). On March 30, 2009, the Court ruled that it cannot at this determine that it lacks subject-matter jurisdiction over the FTCA claims against the United States. See MOO at 14.

## **ANALYSIS**

The Court does not have subject-matter jurisdiction over any of the current potential claims against Ben Garcia. Any claim that the Complaint might be fairly construed to raise against Ben Garcia would require an exhaustion of tribal-court remedies. Because it is undisputed that John David Garcia has not exhausted tribal remedies, the Court lacks jurisdiction and cannot enter a default judgment against Ben Garcia. Accordingly, the Court will vacate the Clerk's Entry of Default, deny the Motion for Default, and deny as moot the Motion for Continuance.

Jurisdiction over Ben Garcia remains a live issue. While the Court has denied the United States' motion to dismiss, it has not definitively established that is has jurisdiction over the United States or, specifically, that Ben Garcia was acting the scope of his employment. That question must await trial. See MOO at 14, 18. Moreover, while the Attorney General may certify that a federal employee "was acting within the scope of his office or employment . . . and the United States shall be substituted as the party defendant," 28 U.S.C. § 2679(d)(1), certification and substitution have not taken place here. Ben Garcia remains a Defendant.

To determine whether the Court has jurisdiction to enter a default judgment against Ben Garcia, the Court must identify the nature of the claims asserted against him. Invoking supplemental and diversity jurisdiction for Ben Garcia implies that John David Garcia is raising non-federal

claims against him.  See Complaint ¶ 4, at 2.  Additionally, most of the claims that are asserted against both Ben Garcia and the United States premise the United States' liability on the FTCA, which also implies that the Complaint grounds the claims against Ben Garcia in common-law torts. Such claims would be subject to exhaustion.

"The tribal court exhaustion rule provides that as a matter of comity, a federal court should not exercise jurisdiction over cases arising under its federal question or diversity jurisdiction, if those cases are also subject to tribal jurisdiction, until the parties have exhausted their tribal remedies." United States v. Tsosie, 92 F.3d 1037, 1041 (10th Cir. 1996)(internal quotation marks omitted). "[T]he exhaustion rule does not require an action to be pending in tribal court." Id. (citing Smith v. Moffett, 947 F .2d 442, 445 (10th Cir. 1991)).  Accordingly, even though no tribal court case has been started here, the exhaustion rule applies if Isleta tribal courts would have jurisdiction over the claims between John David Garcia and Ben Garcia.  Exhaustion is an independent barrier to federal court jurisdiction that would otherwise exist.  Even though the Court might have supplemental or diversity jurisdiction here, it should not exercise jurisdiction until John David Garcia has exhausted his tribal remedies against Ben Garcia.  See United States v. Tsosie, 92 F.3d at 1041.

Here, Isleta tribal courts would presumably have jurisdiction over a tort committed on the reservation.  "When the activity at issue arises on the reservation, [the policies behind requiring exhaustion] almost always dictate that the parties exhaust their tribal remedies before resorting to the federal forum."  Texaco, Inc. v. Zah, 5 F.3d 1374, 1378 (10th Cir. 1998).  "Thus, [the Tenth Circuit has] characterized the tribal exhaustion rule as 'an inflexible bar to consideration of the merits of the petition by the federal court.'"  Id. (quoting Smith v. Moffett, 947 F .2d at 445). Moreover, in addition to the incident occurring on tribal land, the alleged tortfeasor is apparently

an Isleta tribe member and was, at the time, a member of the Isleta police force. In this situation, it is difficult to imagine that the Pueblo of Isleta does not have a strong interest in being able to hear the case against Ben Garcia.

Cases like Atkinson Trading Co. v. Shirley and Montana v. United States, which John David Garcia cites, involved special concerns not implicated here. Both cases held that a tribe lacked authority "over the conduct of nonmembers on non-Indian fee land within a reservation." Atkinson Trading Co. v. Shirley, 532 U.S. at 647 (citing Montana v. United States). The Supreme Court of the United States' most recent decision on tribal jurisdiction also involved non-Indian fee land. The Supreme Court held that a tribe lacked the authority to regulate or adjudicate the sale of non-Indian fee land. See Plains Commerce Bank v. Long Family Land and Cattle Co., 128 S.Ct. 2709, 2726 (2008). Not only did the incident here apparently take place within the Pueblo of Isleta, the conduct at issue is the conduct of Ben Garcia, a former Isleta police officer, and not the conduct of John David Garcia.

It may be that the Isleta courts do not have jurisdiction over the claims against Ben Garcia. Perhaps there is some exception to the exhaustion rule that further facts about the incident on the Pueblo of Isleta, or about Isleta courts and Isleta law, would show. The party invoking federal jurisdiction has the burden of proving the Court's jurisdiction, however, and John David Garcia has not shown that the Court has jurisdiction over the claims against Ben Garcia. See Friends of the Earth, Inc. v. Laidlaw Environmental Services, 528 U.S. 167, 198 (2000); Habecker v. Town of Estes Park, Colo., 518 F.3d 1217, 1223 (10th Cir. 2008).

The Complaint mentions in several places that Ben Garcia is being sued in his individual capacity. Individual capacity sounds like a suit under the 42 U.S.C. § 1983 or under the Indian Civil Rights Act, neither of which are mentioned in the Complaint. Section 1983 applies to states, not

tribes, see Chapoose v. Hodel, 831 F.2d 931, 934-45 (10th Cir. 1987), so, if John David Garcia is making a civil-rights claim, it would be under the Indian Civil Rights Act.  Tribal courts, however, have jurisdiction over Indian Civil Rights Act claims.  Indeed, the Indian Civil Rights Act expressly provides only a narrow role for federal courts to entertain habeas-corpus petitions.  See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 59-66 (1978)(holding that Indian Civil Rights Act was not meant to create right of action ion federal court outside of habeas cases); Olguin v. Lucero, 87 F.3d 401, 404 (10th Cir. 1996); 25 U.S.C. § 1303.  Assuming that the Complaint could even be read as asserting claims under the Indian Civil Rights Act -- which is doubtful, given that the statute is not mentioned and the allegations are not couched in terms of a deprivation of rights -- tribal court would nonetheless be the appropriate forum.

Because John David Garcia has not sought to exhaust his tribal remedies or otherwise demonstrated why he need not exhaust his remedies, Tenth Circuit precedent requires that the Court decline to exercise jurisdiction over the claims against Ben Garcia.  Without jurisdiction, the Court cannot enter a default judgment against Ben Garcia individually.  See Williams v. Life Sav. and Loan, 802 F.2d 1200, 1203 (10th Cir. 1986)("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.").  The Court will vacate the Clerk's Entry of Default and deny the Motion for Default.  Additionally, the Court will deny the Motion for Continuance as moot.

**IT IS ORDERED** that: (i) the Motion for Default Judgment Against Defendant Ben Garcia in His Individual Capacity, and Memorandum in Support is denied; (ii) Ben Garcia's Motion for Continuance is denied as moot; and (iii) the Clerk's Entry of Default is vacated.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Brad D. Hall
Albuquerque, New Mexico

-- and --

Robert B. Martinez
Albuquerque, New Mexico

-- and --

Timothy A. Vollman
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Gregory J. Fouratt
  United States Attorney
Jan Elizabeth Mitchell
  Assistant United States Attorney
Dori Ellen Richards
  Special Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for Defendant United States of
      America*

Ben Garcia
Albuquerque, New Mexico

    *Defendant pro se*