## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOHN DAVID GARCIA,

    Plaintiff,

v.                                            No. CIV 08-295 JB/WDS

THE UNITED STATES OF AMERICA and
BEN GARCIA.

    Defendants.

## **PRETRIAL ORDER**

This matter is before the Court pursuant to Fed. R. Civ. P. 16. The parties conferred and submit the following Pretrial Order.

## **I. APPEARANCES**

Attorneys who will try the action:

**For the Plaintiff:**                Brad D. Hall
                                            Attorney for Plaintiff
                                            3612 Campus Blvd NE
                                            Albuquerque, NM 87106
                                            (505) 255-6300; Fax: (505) 255-6323
                                            Email: brad@bhallfirm.com

                                            Tim Vollmann, NM Bar #9262
                                            3301-R Coors Rd. N.W. #302
                                            Albuquerque, NM 87120
                                            Phone:  505-792-9168
                                            Email: Tim_Vollmann@hotmail.com

**For Defendant United States of America:**

                                            Jan Elizabeth Mitchell, Assistant United States Attorney
                                            Dori Richards, Special Assistant U. S. Attorney for
                                            Defendant United States of America
                                            P.O. Box 607
                                            Albuquerque, NM 87103

(505) 346-7274; Fax: (505) 346-7296
Email: jan.mitchell@usdoj.gov

## II. JURISDICTION AND RELIEF SOUGHT

**A.     Subject Matter Jurisdiction.**

    **1.     Was this action removed or transferred from another forum?**

    ___ Yes     _X_ No.

    If yes, was the action removed or transferred?

    _____ Removed     _____ Transferred     _____ Original forum

    **2. Is subject matter jurisdiction of this Court contested?**

    ___ Uncontested     _X_ Contested     _____ Party Contesting

    **3. Asserted basis for jurisdiction.**

    _X_ Federal Question     _____ Diversity     _____ Other

    Statutory Provision(s) Invoked: 28 U.S.C. §§ 1332 and 1367 as to Defendant Ben Garcia. Title 28 U.S.C. §§ 1346(b), 2671 et seq. as to Defendant United States of America

**B.  Personal Jurisdiction and Venue.**

    **1.     Is personal jurisdiction contested?**

    _X_ Uncontested     _____ Contested

    **2.     Is venue contested?**

    _X_ Uncontested     _____ Contested     _____ Party Contesting

**C.     Are the proper parties before the Court?**

    ___ Uncontested     _X_ Contested

**D.     Identify the affirmative relief sought in this action.**

    1.     Plaintiff seeks damages under the Federal Tort Claims Act.

2.	Defendant United States of America seeks: Dismissal of Plaintiff's claims and causes of action against Defendant United States of America

## III. BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.

A.	**Plaintiff claims** he was injured by an Isleta police officer functioning as a Federally trained and "employed" officer on December 9, 2006, while quelling a disturbance at two weddings on the Isleta Pueblo.

B.	**Defendant United States of America claims:**  Defendant United States' contends the following:

 1)  Ben Garcia was not acting within the scope of his employment as an employee of the Isleta Police Department at the time of the incident in question and thus, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671 et seq., does not apply and this Court lacks jurisdiction over Defendant United States;

2) Because Plaintiff maintains that the actions by Ben Garcia were an "accident" and not intentional, if Ben Garcia were acting within the scope of his employment at the time of the incident, Plaintiff cannot state a claim for intentional infliction of emotional distress under New Mexico law and his Second Claim for Relief fails;

3) If Ben Garcia were acting within the scope of his employment at the time of the incident, Plaintiff's Third Claim for Relief, the claim of negligent training and supervision and Plaintiff's Fourth Claim for Relief are barred by the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a), and this Court lacks jurisdiction over those claims.

4) Plaintiff's injuries were caused solely by his own negligence;

5) If Ben Garcia were acting within the scope of his employment at the time of the incident and was negligent, Plaintiff was also negligent and in accordance with the doctrine of comparative negligence, Defendant United states may only be held responsible for its proportionate share of the fault, if any.

## IV. FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

A.	**Stipulated Factual Contentions.**

The parties agree to the following facts listed separately below:

None could be agreed upon.

Defendant United States contends that the following are uncontroverted facts:

1. On December 9, 2006, Defendant Ben Garcia was at the St. Augustine Church within the Pueblo of Isleta attending a wedding reception for his brother.

2. Defendant Ben Garcia was not on duty with the Isleta Tribal Police Department at the time of the alleged incident.

3. Defendant Ben Garcia was not wearing his Isleta Police uniform, badge, nameplate, or other insignia.

4. Plaintiff, who was attending his daughter's wedding at the St. Augustine Church, walked into the building where the Garcia wedding reception was taking place.

5. Defendant Ben Garcia told Plaintiff to leave the area.

6. Plaintiff was injured.

**B.     Contested Material Facts.**

1. Plaintiff states that the facts have been thoroughly sifted through two motions for summary judgments, identifying in detail the undisputed and disputed facts.

2. Defendant United States of America:

    a. Whether Ben Garcia was acting within the scope of his employment as a police officer with the Isleta Police Department while he was off-duty and attending his brother's wedding reception.

    b. Whether Ben Garcia, if he were acting with the scope of his employment as a police officer with the Isleta Police Department at the time of the incident in question, breached any duty owed to Plaintiff.

    c. Whether Plaintiff is solely responsible for his injuries.

## V. APPLICABLE LAW

**A.     Do the parties agree which law controls the action?  X   Yes _____ No**

**If yes, identify the applicable law.** See nine briefs in the record. Defendant United States of America contends that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671 et seq. and New Mexico state law applies.

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

1. Plaintiff states that the briefing has thoroughly set forth each party's legal positions regarding applicable law.

2. Defendant United States of America: The following are the United States' positions:

1.  Ben Garcia was not acting within the scope of his employment, and thus Plaintiff's Complaint for Damages and claims for relief are barred by the provisions of the FTCA.

2. If Ben Garcia were acting within the scope of his employment and, as Plaintiff has contended an "accident" occurred and Plaintiff was injured, any claim for intentional infliction of emotional distress is barred by applicable New Mexico law.

3.  Any claims for negligent training and supervision by employees of the United States are barred by the provisions of the FTCA.

## VI. CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

Plaintiff contends the briefing identifies the specific issues of law that remain contested.

2. Defendant United States of America:

a.  Whether Ben Garcia was acting within the scope of his employment with the Isleta Police Department at the time of the incident in question.

b.  Whether this Court lacks jurisdiction under the FTCA to hear Plaintiff's Complaint for Damages and claims for relief

## VII. MOTIONS

**A.**  **Pending Motions (indicate the date filed):** See Document number 52 for a list of pending motions and their status.

**B.**  **Motions which may be filed:**

1. Plaintiff may file: None planned.

2. Defendant United States of America: none anticipated before trial

The briefing packages must be complete and filed with the Court by _____.

## VIII. DISCOVERY

**A.**  **Has discovery been completed?**   _X_  Yes  ____ No

-5-

**Are there any discovery matters of which the Court should be aware?** No

## IX. ANTICIPATED WITNESSES

A.   **Plaintiff's Witnesses:**

Plaintiff **MAY CALL** or have available at trial the following witnesses:

1. Plaintiff John David Garcia
   c/o Plaintiff's Counsel
   regarding the officer's conduct, his injuries and their aftermath

2. Dr. Christopher A. Buttner (Dentist)
   OMSA
   6800 Montgomery Blvd NE, Suite A
   Albuquerque, NM 87109-1425
   (505) 881-1130

   Plaintiff plans to utilize medical records and bills by stipulation, and this witness has been released from his subpoena.

3. Dr. Ronald W. Quenzer
   Presbyterian Hospital
   1100 Central Ave SE
   Albuquerque, NM 87106
   (505) 841-1234

   Plaintiff plans to utilize medical records and bills by stipulation, and this witness has been released from his subpoena.

4. Father Hilare Valiquette, parish priest
   St. Augustine's Church
   71 Tribal Rd 35
   Isleta Pueblo, Isleta NM 87022

   The parties have stipulated that Father Valiquette gave permission to the John Garcia wedding party to use the bathroom at the area where the Ben Garcia wedding was taking place because the church bathrooms were out of order that weekend.

5. Various family members, or non-family members, from each wedding, from FBI and BIA investigative files,

6. Lara Garcia, spouse
   208 NW 101st St
   Kansas City, MO 64155

      Regarding damages.

7.     Shanon Garcia-Montano, daughter
      2735 Malpais SW, Albuquerque, 87105
      (505) 730-1844

      Bride at wedding regarding damages.

8.     Erin Garcia, daughter for post-surgery caretaking

9.     BIA Internal Affairs Officer Monte Gibson
      c/o defense counsel or by subpoena

      Regarding his investigation and knowledge

10.    FLETC custodian of records, or Yvonne Wright, Sgt. Ronald Trujillo, Mark DeCoteau, Carey Hedrick. These individuals have all been listed by USA counsel, and/or have spoken with staff at plaintiff's counsel, but Artesia and Roswell process servers will not serve them with subpoenas, and the USA has so far not accepted service for them. Local process servers state that they are barred from entering that facility.

**B.**    **Defendant United States of America's Witnesses:**

**Defendant United States may call or have available at trial the following witnesses:**

    1.     Monty K. Gibson, Associate Director
         Bureau of Indian Affairs - Professional Standards Division
         1001 Indian School Road
         Albuquerque, New Mexico 87104

Associate Director Gibson will testify regarding his department's investigation of Benjamin Garcia's off-duty misconduct consisting of assault and unbecoming conduct, and information gathered during the review of Mr. Garcia's off-duty misconduct.

    2.     Vernon Alvarez, Acting Chief of Police
         Isleta Police Department
         P.O. Box 699
         Isleta Pueblo, New Mexico 87022
         (505) 869-6511

Chief Alvarez will testify regarding the Isleta Police Department's determination that Benjamin Garcia was not acting as a police officer with the tribe when he attended his

brother's wedding reception and when the alleged incident with Plaintiff occurred. Chief Alvarez will testify concerning the SOPs in the Isleta Police Department governing police actions.

    3.    Benjamin Garcia

Mr. Garcia will testify regarding his actions on December 6, 2006 and the incident involving Plaintiff, allegedly resulting in injuries to Plaintiff.

    4.    Sgt. Albert A. Abeita
           Isleta Police Department
           P.O. Box 699
           Isleta Pueblo, New Mexico 87022
           (505) 869-6511

Sgt. Abeita will testify regarding the memo he drafted documenting Benjamin Garcia's off-duty misconduct, as well as other information relevant to Plaintiff's claims.

    5.    Matt Zuni
           Isleta Indian Pueblo

Mr. Zuni, who was identified in the FBI investigation conducted following the incident in question, will testify concerning his observations on December 6, 2006 involving Plaintiff at the reception hall at St. Augustine church.

    6.    Kateri Jojola
           Isleta Indian Pueblo
           36 Tribal Road, house number 31

Ms. Jojola, who was identified in the FBI investigation conducted following the incident in question, will testify concerning the incident on December 6, 2006 involving Plaintiff at the reception hall at St. Augustine church.

    7.    Leonard Garcia
           Highway 314, 1505 B
           Isleta Indian Pueblo

Mr. Garcia, who was identified in the FBI investigation conducted following the incident in question, will testify concerning the incident on December 6, 2006 involving Plaintiff at the reception hall at St. Augustine church.

    8.    Debbie Jojola
           1800 Highway 314
           Isleta Pueblo

Ms. Jojola was attending the wedding reception at the Saint Augustine Church, in December 2006 and will testify about her observations of the incident in question and her interaction with Plaintiff.

9. Plaintiff, John David Garcia

10. Any witnesses identified by Plaintiff

## X. TRIAL PREPARATION

**A.  Exhibits**

The parties must confer over all trial exhibits. This does not apply to rebuttal exhibits that cannot be anticipated before trial. The parties must file an original of the parties' "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than as the parties' have agreed.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than as the parties have agreed. An original of each party's contested exhibit list must be filed on the date identified in the preceding paragraph.

All exhibits must be marked before trial.  Exhibits must be marked numerically by Plaintiff and alphabetically by Defendants.  The identification number or letter will remain the same whether the exhibit is admitted or not.

**B.  Witness Lists.**

An original of a party's witness list must be filed with the Clerk and served on all parties as the parties have agreed. Indicate whether the witness is testifying by deposition or in person. Objections to use of deposition testimony are due within fourteen (14) calendar

-9-

days of service of the witness list. The objecting party must highlight those portions of the requested deposition testimony to which the party objects. Plaintiff must use a yellow highlighter and defendant must use a blue highlighter. The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing.

### C. Submission for Bench Trials.

1. The parties must submit one mutually approved set of proposed findings of fact and conclusions of law no later than as the parties agree.  For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set.

**2.** If available, submit a hard 3.5 diskette on Word Perfect format of the findings of fact and conclusions of law.

### XI. OTHER MATTERS

### A. Settlement Possibilities.

1. The possibility of settlement in this case is considered:

    _X_ Poor _____ Fair _____ Good _____ Excellent _____ Unknown

2. Do the parties have a settlement conference set with the assigned Magistrate Judge?

    ____ Yes _X_ No   If yes, when? _____

3. Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?  If yes, please

    identify._____

    If no, explain why not.

> **Plaintiff:** Counsel for plaintiff is always willing to explore resolution of any case on behalf of clients.
>
> **Defendant United States:** The issues pending before the court pertain to the jurisdiction of this Court over the United States and for that reason, as well as litigative considerations, settlement is not deemed appropriate in this case.

**B.      Length of Trial and Trial Setting.**

1. This action is a  X  Bench trial ___ Jury Trial ___ Both

2. The case is set for trial on <u>April 1, 2010 at 9:00 a.m.</u>

3. The estimated length of trial is  2  day(s).

## XII. EXCEPTIONS

## XIII. MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval. The pleadings will be deemed merged herein.

The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this 31st day of March, 2010.

<u>Approved by e-mail 3/23/10          </u>
Brad D. Hall
3612 Campus Blvd. N.E.
Albuquerque, NM 87106
Phone: 505-255-6300, Fax: 255-6323
Email: brad@ballfirm.com

Tim Vollmann, NM Bar #9262
3301-R Coors Rd. N.W. #302
Albuquerque, NM 87120
Phone: 505-792-9168
Email: Tim_Vollmann@hotmail.com

*Attorneys for the United States of America*

Submitted by e-mail 3/23/10
Jan Elizabeth Mitchell, Assistant U.S. Attorney
Dori Richards, Special Assistant U. S. Attorney
P.O. Box 607
Albuquerque, NM 87103
Phone: 505-346-7274, Fax: 346-7296
Email: jan.mitchell@usdoj.gov

_____
UNITED STATES DISTRICT JUDGE